IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BROADSTONE MAPLE, LLC,
d/b/a Broadstone Court Apts,

        Plaintiff,

v.

LESLIE ONNA, and All Other
Occupants, and WILHY HARPO,

        Defendants.

1:16-cv-1661-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge John K. Larkins, III's Final Report and Recommendation [3] ("R&R"). The R&R recommends this action be remanded to the Magistrate Court of Fulton County.

**I.   BACKGROUND**

On May 23, 2016, Defendant Wilhy Harpo ("Defendant") filed his application for leave to proceed *in forma pauperis* ("IFP") [1] and his notice of removal. Defendant seeks removal of a dispossessory action brought by Plaintiff Broadstone Maple, LLC ("Broadstone") in the Magistrate Court of Fulton County, Georgia. The Court notes Defendant has attempted to remove nearly identical actions to this Court in the past, and the Court has remanded those cases for lack of

subject matter jurisdiction.  See, e.g., Order, Broadstone Maple, LLC v. Alexander Corporate Accommodations, LLC, No. 1:16-cv-2774-WSD (N.D. Ga. August 2, 2016) (Doc. 4).  The Court also notes that, because Defendant is a frequent filer of frivolous lawsuits, the Court has previously ordered Defendant "to disclose his full litigation history in any civil rights complaint and/or [IFP] affidavit that he files."  See, e.g., Williams v. Harpo, No. 1:16-cv-12225-WSD (N.D. Ga. 2016) (ECF No. 2 at 2); Harpo v. City of Atlanta, No. 1:16-cv-1067-WSD (N.D. Ga. 2016) (ECF No. 2 at 1-2); Harpo v. City of Atlanta, No. 1:14-cv-2157-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2); Harpo v. Fulton Cty. Sheriff, No. 1:14-cv-2208-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2).

On June 3, 2016, the Magistrate Judge issued his R&R.  The Magistrate Judge found that the Court lacks subject matter jurisdiction over Broadstone's Complaint, and recommends this action be remanded to the Magistrate Court of Fulton County.

On June 20, 2016, Defendant filed his Objections to the R&R.  Defendant states that Defendants are diverse, Defendants have stated a viable claim for relief, Defendants' "claim of the denial of access is sufficient to impose the jurisdiction of this Court," and "Evaluation of Petition is not limited to claims of Plaintiff in state court."

On August 10, 2016, Defendant filed his "Emergency Motion for Ex Parte Hearing, Ex Parte Emergency Order to Cease and Desist, and Motion to Reinstate Occupancy" [11].

## II.  ANALYSIS

### A.  Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  Where no party objects to the R&R, the Court conducts a plain error review of the record.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B.  Discussion

Though Defendant's Objections are barely specific, the Court nevertheless conducts its *de novo* review.  The Court first notes that, because Defendant is a frequent filer of frivolous lawsuits, the Court has previously ordered Defendant "to disclose his full litigation history in any civil rights complaint and/or [IFP] affidavit that he files."  See, e.g., Williams v. Harpo, No. 1:16-cv-12225-WSD (N.D. Ga. 2016) (ECF No. 2 at 2).

Under Local Rule 41.3(A)(2), "[t]he court may, with or without notice to the parties, dismiss a civil case for want of prosecution if: . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case." LR 41.3(A)(2), NDGa.  Defendant did not disclose his full litigation history in his IFP application or Notice of Removal.  The Court's prior Orders, and the fact that other actions filed by Defendant have been dismissed for his failure to comply with the Court's prior Orders, put Defendant on notice that he was required to disclose his full litigation history in his Application.  Defendant's failure to comply with the Court's prior Orders warrants dismissal of this action.  See LR 41.3(A)(2), NDGa.

Even if Defendant complied with the Court's prior orders, the Court lacks subject matter jurisdiction over this action.  The Eleventh Circuit has consistently held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." Id.

Congress has provided that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

removed by the defendant." 28 U.S.C. § 1441(a). Removal in this case appears to be based on federal-question jurisdiction, which extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

Based on the Court's review of the Complaint attached to Defendant's Notice of Removal, along with Defendant's claims in his Notice of Removal, it is clear that Plaintiff's state court Complaint asserts a dispossessory action and does not allege federal law claims. That Defendant asserts defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). Removal is not proper based on federal question jurisdiction.[1]

---

[1] To the extent Defendant claims removal under Section 1443 based on the bias of state court judges, his allegations fall short of the specific language of racial

The Court's jurisdiction in this action also cannot be based on diversity of citizenship, which extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1), (2).  Defendant fails to properly allege the citizenship of Plaintiff, alleging only that Plaintiff is a "citizen of Arizona."  (Notice of Removal at 1); see Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (a limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office).  He also fails to allege Defendants' citizenship, alleging only that they are "citizens of states other than

---

equality that section 1443 demands.  See Kopec v. Jenkins, 357 F. App'x 213, 214 (11th Cir. 2009) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)); see also 28 U.S.C. § 1443 (providing exception to the well-pleaded complaint rule for removal of an action that is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States"); Rachel, 384 U.S. at 788 (Section 1443 requires defendant to show "both that the right upon which they rely is a 'right under any law providing for . . . equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of Georgia."); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1362 (N.D. Ga. Nov. 5, 2001) ("There is no cognizable claim for a civil rights violation presented in this case . . . [because] [t]here is no reference in any pleading to 'any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.'").  Removal is not proper based on 28 U.S.C. § 1443 and this action is required to be remanded for this additional reason.

Georgia." (Notice of Removal at 1). Even if the parties are diverse, Defendant fails to show that the amount in controversy exceeds $75,000.00. The Court must look only to Plaintiff's claim to determine if the amount-in-controversy requirement is satisfied. See, e.g., Novastar Mortg. Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 585 (11th Cir. 2002). The Complaint here seeks possession of premises currently possessed by Defendant, and past due rent and fees. It is well-settled that "a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy." Bennett, 173 F. Supp. 2d at 1361-1362; see also Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement."). The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship.

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[2]

Because the Court lacks jurisdiction over this action, Defendant's "Emergency Motion for Ex Parte Hearing, Ex Parte Emergency Order to Cease and Desist, and Motion to Reinstate Occupancy" [11] is denied.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Objections to the R&R are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge John K. Larkins, III's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the

---

[2]   To the extent Defendant seeks to have the Court find that a completed dispossessory proceeding was wrongful and overturn a writ of possession issued by a state court, the Court lacks jurisdiction under the Rooker-Feldman doctrine to do so.  Doe v. Fla. Bar, 630 F.3d 1336, 1341 (11th Cir. 2011) (Federal district courts "generally lack jurisdiction to review a final state court decision.") (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) & Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)).

Magistrate Court of Fulton County.

**IT IS FURTHER ORDERED** that Defendant's "Emergency Motion for Ex Parte Hearing, Ex Parte Emergency Order to Cease and Desist, and Motion to Reinstate Occupancy" [11] is **DENIED**.

**SO ORDERED** this 24th day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE